Dolores Rivera Vda. de Gómez, demandante y apelada, *v.* Rafael de Choudens y Lydia Ducret, demandados y apelantes.

Núm. 8891.—*Sometido:* Junio 13, 1944. *Resuelto:* Julio 24, 1944.

*L. Coballes Gandía,* abogado de los apelantes; *Fernando J. Géigel* y *Adrián Agosto,* abogados de la apelada.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

En su petición radicada ante la Corte de Distrito de San Juan, la demandante alegó ser dueña de una finca urbana situada en Santurce, consistente en un solar, que por su parte oeste colinda con solar de los demandados en una extensión de 17 metros 50 centímetros. En el solar existe una casa de concreto, de dos plantas, que mide 24 pies de frente por 37 de fondo.

Los demandados son dueños de las siguientes fincas:

"(A) Urbana: Compuesta de casa y solar, midiendo éste 133 un cuarto metro cuadrados, radicada dicha finca urbana en la calle 'Vereda Estrecha' y marcada dicha casa con el número uno de dicha calle en la sección Norte del barrio de Santurce de esta ciudad de San Juan, Puerto Rico.

"(B) Urbana: Parcela o trozo de terreno, radicado en la Sección Norte de esta ciudad de San Juan, Puerto Rico, con una cabida superficial de 37 metros, 36 centímetros cuadrados, afecto a la forma de un

triángulo, lindante por el Norte, en 5 metros, 20 centímetros, con terrenos de la Sucesión París; por el Este, en 12 metros, con 20 centímetros, con solar de don Francisco Rivera París, procedente dicha finca de la finca principal de doña Gregoria París. Este solar pertenece hoy a la peticionaria en este caso, doña Dolores Rivera viuda de Gómez, y es el descrito en la alegación 2da. anterior de esta demanda; y por el Oeste en 13 metros, 20 centímetros, con el solar de don Rafael de Choudens, descrito bajo la letra (a) en la alegación 3ra. de esta demanda.''

Alegó la demandante: Que los dos solares pertenecientes a los demandados forman un solo cuerpo por colindar entre sí; que por escritura pública debidamente inscrita, los demandados, por el fundamento de que las dos parcelas A y B se encuentran agrupadas formando una sola finca y colindan con la finca hoy propiedad de la demandante, constituyeron sobre la parcela B servidumbre de luces y vistas en beneficio y a favor del predio de la demandante, antes de Juan Francisco Rivera París, consintiendo expresamente que las ventanas y huecos abiertos en la casa enclavada en la finca de la demandante continuaran abiertos permanentemente en la misma forma en que se encontraban en la fecha en que se constituyó la servidumbre, o sea en mayo 25, 1938. La casa de la demandante fué construída a 45 centímetros de la colindancia oeste del solar B de los demandados. En la casa existen, tanto en la planta baja como en la alta, ventanas y huecos que dan al solar B de los demandados, por su lado este.

Continuó alegando la demandante que no obstante su oposición y protestas, los demandados han procedido a fabricar una adición de maderas a la casa radicada en la finca descrita bajo la letra A; que esa adición se corre sobre la faja de terreno descrita bajo la letra B, sobre la cual pesa la servidumbre, de tal manera que anula la servidumbre, tapando todas las ventanas y huecos de la casa de la peticionaria. -

Para la mejor comprensión de los hechos y de la situación de los tres predios, conviene aclarar que las fincas A y B de los demandados colindan entre sí y están situadas ambas

al oeste de la finca de la demandante. La finca *B* colinda por su lado este con la de la demandante y por su lado oeste con la finca *A*. La construcción que afecta la servidumbre se ha hecho en la casa radicada en la finca *A,* pasando por la finca *B,* que es la que está afecta a la servidumbre, hasta llegar a la colindancia con la demandante, obstruyendo sus huecos y ventanas.

La demandante solicitó un auto de *injunction* perpetuo por el que se ordenase a los demandados a suspender la obra comenzada y a demoler y remover lo ya construído.

En abril 7 de 1943 la corte inferior dictó sentencia a favor de la demandante en los siguientes términos:

"Los demandados en este caso, a virtud de la escritura pública otorgada ante el notario Aureliano Rivera el día 25 de mayo de 1938, y como dueños del trozo de terreno descrito en dicha escritura, *constituyeron y establecieron sobre el mismo* una servidumbre de luces y vistas en beneficio del predio colindante perteneciente entonces a Juan Francisco Rivera y hoy a la demandante en este caso, 'consintiendo en su consecuencia expresamente y de modo permanente, que las ventanas y huecos abiertos en la casa enclavada en dicha propiedad, que se han relacionado, continúen abiertos para beneficio de ésta, en la misma forma y manera en que se encuentran en la actualidad.'

"Las 'ventanas y huecos relacionados' se hacen constar en el apartado cuarto de la referida escritura y consisten 'en la planta baja de dicha casa, lado oeste, una ventana de tres pies por cinco, dos tragaluces, una abertura del tamaño de una puerta cerrada con una reja de hierro y un pasamanos de la galería en la parte posterior de dicha casa, y en la planta alta, en el mismo lado oeste, cuatro ventanas de tamaño corriente, o sea tres pies por cinco y una ventana de un pie y medio por tres, dando todas dichas ventanas o *huecos al trozo de terreno del señor De Choudens, mencionado'*.

"De los términos claros de la referida escritura se desprende claramente que por dicho título se adquirió derecho a tener vistas directas y miradores sobre la propiedad colindante de los demandados por lo que de acuerdo con el artículo 521 del Código Civil, no pueden éstos, como dueños del predio sirviente, edificar a menos de tres metros de distancia, tomándose la medida a tenor del artículo 519

del mismo Código, desde la línea externa de la pared en los huecos en que no haya voladizos y desde la línea de éstos donde los haya.

''Procede por tanto declarar con lugar la demanda y expedir el Auto de Injunction perpetuo solicitado. . . .''

En apoyo de su recurso los demandados se limitan a alegar que la demandante no procedió con la debida diligencia al entablar su recurso de injunction. Esa defensa no fué levantada ante la corte inferior y no puede ser considerada ahora por primera vez en apelación. Además, de la evidencia resulta que la demandante se quejó tan pronto como tuvo conocimiento de la obra que se proponían realizar los demandados y trató de conseguir por medios amistosos que desistieran de su propósito, viéndose obligada como último extremo a radicar su demanda de injunction.

*La evidencia y la ley justifican la sentencia recurrida, la cual debe ser confirmada.*